**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cr-00023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**DEFENDANT'S MOTION TO STRIKE SPECIFIC ALLEGATIONS**
**IN THE INDICTMENT**

Dr. Steve Bynon, through his counsel, moves this Court to strike the specific allegations in the indictment set forth below.  In addition, Dr. Bynon moves this Court in limine to prohibit the Government from introducing any evidence at trial or making any reference in opening statements or closing argument concerning those same allegations of the indictment.  In support of this motion, Dr. Bynon would show the following:

**I.**
**Factual Background**

Dr. Bynon incorporates the factual background section of his pending Motion to Dismiss the Indictment (Dkt. 29).  Additional relevant facts are set forth below.

The indictment alleges five violations of 18 U.S.C. § 1035.  In relevant part, the elements of § 1035 are: "(1) that [the defendant] . . . made a materially false, fictitious, or fraudulent statement or representation, or made or used any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; (2) that [the defendant] did so in connection with the delivery of or payment for health care benefits, items, or service[s] involving a health care benefit program; and (3) that [the defendant] did so knowingly

and willfully." *United States v. Ramirez,* Criminal Action No. H-16-259-1, 2025 WL 3707567, at *3 (S.D. Tex. Dec. 21, 2025).

The indictment alleges facts that, the Government contends, relate to those elements. In particular, that indictment alleges Dr. Bynon made false statements in UNOS's "UNet system" concerning the "donor matching criteria"[1] for five patients – identified as "C.C.," "A.P.," "R.O.," "P.P.," and "O.F." Indictment ¶¶ 6-8, 12-19 & 21.

In addition to alleging facts about those elements, the indictment also alleges the following:

- "Patient C.C. was activated on the UNOS Liver Transplant Waitlist (Waitlist) on March 22, 2023, under the care of BYNON… BYNON entered false donor matching criteria in Patient C.C.'s medial records within UNet. BYNON's false statements rendered Patient C.C. either severely restricted or functionally ineligible to receive a donor organ offer for approximately 149 days…. ***Patient C.C. died on February 24, 2024, under the care of BYNON.***" Indictment ¶ 12 (emphasis added).

- "On March 22, 2024, MHHS TMC leadership received notification of BYNON's false statements within UNet. One day after this notification, BYNON corrected his earlier false statements as to Patient A.P.'s donor matching criteria allowing Patient A.P. to be eligible to receive donor organ offers again. ***MHHS TMC's Liver Transplant Program was subsequently inactivated and Patient A.P. sought care at St. Luke's Hospital's Liver Transplant Program. Patient A.P. was activated on the Waitlist under the care of St. Luke's Hospital on May 14, 2024, and received a successful liver transplant within one month in June 2024.***" Indictment ¶ 14 (emphasis added).

- "On or about December 22, 2023, BYNON corrected his previous false statements as to Patient R.O.'s donor matching criteria within UNet. Soon after Patient R.O. received a donor organ offer and transplantation was attempted on December 26, 2023. During the transplant surgery, ***with no other attending surgeon present***, BYNON determined that Patient R.O.'s anatomy was too complex for transplantation and the surgery was aborted. ***Patient R.O. died hours after the failed surgery. The donor organ accepted for Patient R.O. was then transplanted into a different MHHS patient at the direction of BYNON***." Indictment ¶ 16 (emphasis added).

- "On March 22, 2024, MHHS leadership received notification of BYNON's false statements within UNet. Four days after the notification, BYNON corrected his earlier

---

[1] As noted in Dr. Bynon's motion to dismiss, *see* Dkt. 29, at 3 n.6, although the indictment describes these parameters as "donor matching criteria," UNOS and the transplant community describe them – more accurately – as "donor acceptance criteria" or "organ acceptance criteria." *See, e.g., See* UNOS, "COVID-19 Updates: April 7, 2020," https://web.archive.org/web/20200410120409/https://unos.org/news/covid-19-updates-april-7-2020/.

false statements as to Patient P.P.'s donor matching criteria allowing Patient P.P. to be eligible to receive donor organ offers again. MHHS TMC's Liver Transplant Program was subsequently inactivated, and Patient P.P. sought care at Houston Methodist Hospital's Liver Transplant Program. ***Patient P.P. was activated on the Waitlist under the care of Houston Methodist Hospital and received a successful liver transplant. However, due to the progression of her illness while awaiting a liver transplant, she would also require a kidney transplant***." Indictment ¶ 18 (emphasis added).

- "Patient O.F. was enrolled in MHHS TMC's Liver Transplant Program and activated on the Waitlist on December 23, 2023, at 8:33 PM. Less than one day later on December 24, 2023, at 2:38 PM, BYNON entered false donor matching criteria in Patient O.F.'s medical records within UNet. BYNON's false statements rendered Patient C.C. either severely restricted or functionally ineligible to receive a lifesaving donor organ offer unbeknownst to Patient O.F., Patient O.F.'s family, and other providers on Patient O.F's medical care team. ***Patient O.F. died two days later on December 26, 2023***." Indictment ¶ 19 (emphasis added).

## II.
## Legal Argument

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). Rule 7(d) further provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). "For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, (5th Cir. 1993) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). In particular, a district court should strike as prejudicial "[t]he inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved." *Bullock*, 451 F.2d at 888; *see also United States v. Wittich*, Crim. No. 14-35, 2014 WL 5524381, at *3-*4 (E.D. La. Oct. 31, 2014) (striking portions of indictment).

The above-quoted ***underscored*** portions of the indictment clearly are "irrelevant, inflammatory, and prejudicial" and also "could serve only to inflame the jury, confuse the issues,

and blur the elements necessary for conviction under the separate counts involved." *Bullock*, 451 F.2d at 888. Whether a patient died as a result of Dr. Bynon's alleged false statements in the UNet system is entirely irrelevant concerning the elements of 18 U.S.C. § 1035. And such allegations clearly are inflammatory and would cause undue prejudice to Dr. Bynon in front of the jury. Similarly, the allegations that two patients ultimately received transplants at other hospitals is irrelevant to the elements of § 1035 and would unduly prejudice Dr. Bynon, inflame the jury, and confuse the issues. Nor is there any requirement that another attending surgeon be present when Dr. Bynon performs transplant surgery.

Therefore, this Court should strike the underscored portions. In addition, under Federal Rules of Evidence 401, 402, and 403, this Court should prohibit the government from offering any proof or making any reference in opening statements or closing argument to the underscored allegations.

Respectfully submitted,

**KHALIL KINCHEN LLP**

/s/ *Samy Khalil*
Samy Khalil
Texas Bar No. 24038997
4200 Montrose Blvd., Suite 440
Houston, TX 77006
713.904.4477
samy@khalilkinchen.com

Brent Evan Newton
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, MD 20878
713.904.4477
brentevannewton@gmail.com

4

## CERTIFICATE OF CONFERENCE

On May 4, 2026, I conferred with counsel for the Government, AUSA Suzie Elmilady. She opposes this motion.

/s/ *Samy Khalil*
Samy Khalil

## CERTIFICATE OF SERVICE

On May 4, 2026, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Samy Khalil*
Samy Khalil