**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cr-00023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL AND OTHER DEADLINES

On June 2, Dr. Bynon filed a motion to continue his trial and other deadlines in this case (ECF No. 60). On June 4, the government filed a sealed response in opposition to that motion (ECF No. 64).[1] Dr. Bynon now files this reply.

I.

As an initial matter, the government claims that granting the motion "could violate [Dr.] Bynon's speedy trial rights," and it represents that it is "cautious" regarding the filing and registers its "Speedy Trial Act concerns." *See* Opp. at 3. But, of course, the Supreme Court held twenty years ago that a defendant "may not prospectively waive the application of the Act." *Zedner v. United States*, 547 U.S. 489, 503 (2006). The government next quibbles with the title of Dr. Bynon's motion and notes that, unlike his prior motion, the instant motion is styled a "Motion to Amend Scheduling Order." But the motion is obviously a request for a continuance, even though it does not cite any of the specific provisions of the Speedy Trial Act. Excludable delay findings

---

[1] It is unclear why the government filed its Opposition under seal. The motion itself contains no patient or other information that would require sealing. To the extent that Exhibit 1 contains patient information, that information can be redacted in a publicly filed Exhibit. As we have pointed out previously, *see* ECF No. 30, at 1 n.3; ECF No. 55, at 1 n.1, the public has a common law right to access filed pleadings. *See United States v. Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017). That right is important in any case – but especially in one such as this, which may have far-reaching consequences for the medical community and the practice of medicine.

were warranted based on the representations in Dr. Bynon's prior motion, and they are warranted now. *See United States v. McNealy*, 625 F.3d 858, 862-63 & n.11 (5th Cir. 2010). The reasons set out in Dr. Bynon's instant motion are sufficient to find "excludable delay" under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (district court must consider "[w]hether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), … would unreasonably deny the defendant … continuity of counsel, or would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence").

In spite of the government's attempts to use the Court's language in denying its motion to designate the case as complex against undersigned counsel, *see* Opp. at 5 (citing Order, ECF No. 43), we respectfully submit that we have exercised "due diligence" to prepare this case for trial. Notwithstanding that counsel for the defendant learned of the indictment in mid-January (as contrasted with more than two years that the government has had to investigate and prosecute this case), we have diligently been reviewing and analyzing discovery – including, but not limited to the 3386 pages of discovery produced on May 22 and 29 (which the government describes as a mere "211" files). As the Court is well aware, this case has involved extensive motion practice, which has occupied a considerable amount of counsel's time in April and May. In addition, counsel filed two major pleadings on May 28 in a federal habeas death penalty case on which Judge Ellison appointed him in January 2012, and he made an appearance in the Eastern District of New York on June 4 in a different case. More time is needed for counsel to prepare and present Dr. Bynon's defense, even though Dr. Bynon and his counsel – for good reason – are eager to clear his good name.

With respect to experts, the government opposes "[Dr.] Bynon's request for staggered expert designations." Opp. at 7. But the government's own rationale in its Opposition militates in favor of, not against, staggered expert designations in this case. *See id*. at 6 (noting expert disclosures must be made sufficiently before trial "to provide a fair opportunity *for the defendant to meet the government's evidence*") (quoting Fed. R. Crim. P. 16(a)(1)(G)(ii); emphasis added). The government indeed maintains the burden of proof as to all elements in this case, and any defense expert should have the benefit of responding to the government's expert disclosures. That only makes sense – a point which the government appears to acknowledge elsewhere in its Opposition. *See id*. at 6-7 (government contending it would need more than nine days "to identify and retain any rebuttal expert witnesses" after defense disclosures). A staggered approach makes eminent sense.

In addition, the government's theory of the case still remains unclear, as the Court itself recently acknowledged. *See* ECF No. 62, at 15 n.4 (noting the potential need for additional motion practice). Counsel submits that this lack of clarity concerning the government's theory (or theories) of the case – in addition to what precisely the government must prove as to "literal" and "contextual" falsity) – impacts what kind of experts the defense needs. Further rulings by the Court would assist in facilitating that process. As Dr. Bynon has stated repeatedly, it is unclear what or how the government intends to prosecute this case, given that there is no serious dispute on what the Court has determined are triable issues. This is no ordinary false-statements prosecution.

## CONCLUSION

Undersigned counsel continues to propose the schedule he set forth in the motion filed on June 2.   However, in light of the government's concerns expressed in its Opposition, undersigned counsel will endeavor over the weekend to confer with Dr. Bynon and co-counsel Brent Newton to identify other potential dates – outside of July – for trial of this important case.

Respectfully submitted,

**KHALIL KINCHEN LLP**

/s/ *Samy Khalil*
Samy Khalil
Texas Bar No. 24038997
4200 Montrose Blvd., Suite 440
Houston, TX 77006
713.904.4477
samy@khalilkinchen.com

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, MD 20878
202.975.9105
brentevannewton@gmail.com

## CERTIFICATE OF SERVICE

On June 5, 2026, a copy of this reply was served via ECF to AUSAs Suzanne Elmilday, Sherin Daniel, Anthony Franklin, and Amanda Alum.

/s/ *Samy Khalil*
Samy Khalil