**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cr-00023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

Pursuant to Federal Rule of Criminal Procedure 7(f), Dr. Steve Bynon, through his counsel, moves this Court for an order requiring the government to provide the defense a bill of particulars concerning the indictment's allegation that Dr. Bynon acted "willfully" in violation of 18 U.S.C. § 1035(a)(2). In support of this motion, Dr. Bynon would show the following:

## I. Background

Dr. Bynon adopts the "Factual Background" section of his motion in limine (ECF Nos. 91, 92) also filed today. As explained in that motion, the defense anticipates that, at trial, the government will contend that Dr. Bynon acted "willfully" by engaging in conduct that he knew was unlawful – an essential element of the charged § 1035(a)(2) offenses – because he allegedly was aware of the requirements of 42 C.F.R. § 482.94 and knowingly and intentionally failed to comply with those requirements in the manner alleged in the April 4, 2024 CMS document (attached as an exhibit to the motion in limine).

However, the defense does not know with certainty that the government's sole theory of "willfulness" is rooted in 42 C.F.R. § 482.94. Other than generally alleging that Dr. Bynon acted "willfully," the indictment does not make any specific allegation that Dr. Bynon *knew that he was violating the law* when he adjusted the donor acceptance criteria to preclude organ offers for the

five patients listed in the indictment. Undersigned counsel has explicitly asked the prosecutors to disclose the factual and legal basis of the "willfulness" allegation, but they have refused to do so before trial.

## II.
## Legal Argument

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). This Court has discretion to require the government to disclose a bill of particulars. *Id.*; *accord United States v. Boswell*, 109 F.4th 368, 383-84 (5th Cir. 2024).

Dr. Bynon is not seeking a "detailed exposition of [the government's] evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Instead, he simply wishes to know the basic legal and factual bases supporting the unadorned allegation in the indictment that Dr. Bynon acted "willfully" when he adjusted the donor acceptance criteria to preclude organ offers for the five patients listed in the indictment. Is it solely the alleged violation of 42 C.F.R. § 482.94? Is it some other regulation or statute?

The defense's need to know the factual and legal basis of the willfulness element is particularly important for a fair trial because this Court has refused to dismiss the indictment on vagueness grounds because an essential element of 18 U.S.C. § 1035(a)(2) is willfulness. *See United States v. Bynon*, __ F.Supp.3d __, 2026 WL 1595296, at *11-*12 (S.D. Tex. June 3, 2026) ("Dr. Bynon's ability to use UNOS guidance and industry practice to argue that he did not knowingly and willfully make a false statement abates his fair-notice concern."). If the vagueness of the charges is obviated by the government's burden to prove willfulness at trial, it is only fair

for Dr. Bynon to know before trial the factual and legal basis of the indictment's allegation that he acted willfully.

## CONCLUSION

For these reasons, this Court should order the government to provide the defense with a bill of particulars setting forth the factual and legal bases of Dr. Bynon's alleged willfulness when he allegedly violated 18 U.S.C. § 1035(a)(2) as charged in the indictment.

Respectfully submitted,

/s/ *Samy Khalil*
Samy Khalil
Texas Bar No. 24038997
John Kinchen
Texas Bar No. 00791027
**KHALIL KINCHEN LLP**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477
Samy@KhalilKinchen.com
John@KhalilKinchen.com

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, Maryland 20878
202.975.9105
brentevannewton@gmail.com

*Attorneys for Dr. Steve Bynon*

**CERTIFICATE OF CONFERENCE**

On July 10, 2026, I conferred with counsel for the government. The government opposes this motion.

/s/ *Samy Khalil*
Samy Khalil

**CERTIFICATE OF SERVICE**

On July 12, 2026, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Samy Khalil*
Samy Khalil