**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM. NO. H-26-023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

Defendant John Stevenson Bynon, Jr. ("Bynon") moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). (Docket No. 93.) For the reasons set forth below, the defendant's motion should be denied.

## I. Background

On January 14, 2026, a grand jury returned an indictment charging Bynon with five counts of making a false statement relating to health care matters in violation of 18 U.S.C. § 1035. (Docket No. 1.) Bynon subsequently entered a plea of not guilty. (Docket No. 8.) Trial is set to commence on August 24, 2026. (Docket No. 73.)

Bynon requests that the Court compel the United States to identify the "basic legal and factual bases supporting the unadorned allegation in the indictment that Dr. Bynon acted "willfully" when he adjusted the donor acceptance criteria to preclude organ offers for the five patients listed in the indictment." (Docket No. 93 at p, 2.) For instance, Bynon poses the following question in support of his motion: "Is [evidence of intent] solely the alleged violation of 42 C.F.R. § 482.94? Is it some other regulation or statute?" *Id*.

## II. Legal Standard

Federal Rule of Criminal Procedure 7(f) ("Rule 7(f)") provides that a defendant may "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court

permits." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charges against him, to minimize surprise at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution for the same offense. *United States v. Diecidue*, 603 F.2d 535, 546-47 (5th Cir. 1979); *United States v. Martinez*, 599 F. Supp. 2d 784, 808 (W.D. Tex. 2009) (citation omitted). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The decision to grant or deny a motion for a bill of particulars falls within the sound discretion of the district court. *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). The district court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

## III. Discussion

Bynon's motion for a bill of particulars is unavailing for two reasons. First, the motion is untimely. His arraignment occurred on February 2, 2026, placing his motion well outside the 14-day window to request a bill of particulars. *See, e.g.*, *United States v, Cottrell*, Case No. 16-015, 2016 U.S. Dist. LEXIS 141166, at *1 (E.D. La. Oct. 12, 2016) (denying the defendant's motion for a bill of particulars because his request was untimely); *United States v, Taylor*, 17 F. Supp. 3d 162, 179 (E.D.N.Y. 2014) ("As an initial matter, Pinkey's request for a bill of particulars is untimely as it was not made within 14 days of his arraignment as requested by Rule 7(f)."). In addition to being unjustified, as explained below, Bynon's motion — filed six months after the filing deadline — is untimely. He failed to seek leave of the Court and has provided no reason for his delay. His motion should be denied.

Second, Bynon's motion should be denied because he is employing Rule 7(f) as a discovery device. Essentially, he is requesting that the United States specify which exhibits constitute

evidence that Bynon possessed the requisite intent to violate 18 U.S.C. §. 1035. The indictment adequately apprises Bynon of the charges against him and protects against prospective double jeopardy violations. The United States has produced voluminous discovery, filed a trial brief, and conducted a reverse proffer outlining its theory of the case. (Docket No. 97.) Bynon has not explained how the government's discovery is somehow insufficient. *United States v. Castro-Flores*, Case No. 12-614, 2013 U.S. Dist. LEXIS 181161, at *2 (S.D. Tex. Dec. 30, 2013) ("[W]here the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary").

A bill of particulars is not an investigative vehicle and may not be used to compel disclosure of the United States' theory of the case or details of its proof. *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (noting that "defendants are not entitled to discover all the overt acts that might be proved at trial"); *United States v. Davis*, 53 F.4th 833, 846 (5th Cir. 2022) ("A bill of particulars is not "designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.") (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)); *United States v. Conley*, Case No. 06-088, 2007 U.S. Dist. LEXIS 116726, at *4 (N.D. Tex. Mar. 27, 2007) (denying a motion for a bill of particulars because the information requested by the defendant "is nothing more than an attempt to have the government plead its evidence"); *United States v. Churchill*, Case No. 20-252, 2012 U.S. Dist. LEXIS 43211, at *7 (E.D. Tex. Mar. 8, 2021) (holding that "a bill of particulars is not a discovery device" and that the "Government is under no obligation to organize and identify relevant information already produced to [the defendant]"). The United States need not preview its case-in-chief to comply with the pleading requirements set forth in Federal Rule of Criminal Procedure 7. Consequently, the motion for a bill of particulars lacks merit and should be denied.

## IV. Conclusion

For the reasons set forth above, the United States requests that the Court deny the Bynon's motion for a bill of particulars. (Docket No. 93.)

Respectfully Submitted,
AARON F. REITZ
United States Attorney
Southern District of Texas
By: _/s/ Amanda Alum_
Amanda Alum
Suzanne Elmilady
Sherin Daniel
Anthony Franklin
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

*/s/ Amanda Alum*
Amanda Alum
Assistant United States Attorney