**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cr-00023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO AMEND SCHEDULING ORDER**

Defendant Dr. Steve Bynon, through undersigned counsel, respectfully submits this response in opposition to the government's Motion to Amend Scheduling Order (ECF No. 109), which seeks a one-week extension—from July 31, 2026 to August 7, 2026—of the government's deadline to respond to Dr. Bynon's motions to exclude the testimony of Dr. Raymond Lynch (ECF No. 99) and Dr. Matthew Cooper (ECF No. 103). Because the government's sole stated justification rests on a mistaken premise, the motion should be denied.

## I. Introduction

The government asks this Court to delay its *Daubert* response for one reason: because "[Dr.] Bynon's expert opinions will directly inform the United States' response to the pending motion." Government's Motion, at 1. That premise misapprehends what Dr. Bynon's motions actually put at issue. The motions, of course, do not challenge the defense's experts. They challenge the *government's* experts—Dr. Lynch and Dr. Cooper—and whether their proposed testimony satisfies Federal Rules of Evidence 702, 703, 704(b), as well as Rules 401 through 403. As the proponent of that purported "expert" testimony, the government bears the burden of

establishing its admissibility, and it must carry that burden based on its *own* experts' reports, qualifications, and methodology.[1]

Nothing Dr. Bynon's experts may say in their forthcoming disclosures can supply Dr. Lynch with the biostatistics and epidemiology expertise his report lacks, convert the statistical analyses he admittedly did not perform into his own reliable work, or transform Dr. Cooper's moral condemnation—that Dr. Bynon's conduct was "reprehensible," that his patients were "deceived" and "betrayed"—into admissible medical opinion. Nor can any defense disclosure rescue Dr. Cooper's opinions that Dr. Bynon acted "deliberate[ly]" to "eliminate" lifesaving care for his patients and did not "sincerely" hold his clinical judgments—opinions that Rule 704(b) categorically reserves for the jury. The defense disclosures are simply irrelevant to the questions Dr. Bynon's *Daubert* motions raise. Because the government's stated rationale does not support the relief it seeks, the Court should deny the motion.

## II. Background

On July 17, 2026, Dr. Bynon moved to exclude the testimony of the government's proposed expert Dr. Raymond Lynch. ECF No. 99. On July 21, this Court ordered the government to respond to all pending defense motions by July 31, 2026. ECF No. 101. On July 22, the Court "adjust[ed] slightly" the briefing scheduled to accommodate the government's request to continue the motions hearing from August 7 to August 14. ECF No. 102. Also on July 22, Dr. Bynon moved to exclude the testimony of the government's proposed expert Dr. Matthew Cooper. ECF No. 103.

---

[1] Notably, the government said that its expert disclosures and reports were ready as early as June 8. *See* Govt. Opp. to Dr. Bynon's Mot. for Continuance, ECF No. 64 at 2, 6-7 (representing that the "United States is prepared to present its case at the jury trial scheduled on June 22, 2026," including designating its experts by June 8, and contending that the Court should "deny [Dr.] Bynon's request for staggered expert designations").

The government has had its own experts' materials for nearly eight weeks. It gave notice of Dr. Lynch's proposed testimony on July 2, 2026, and provided Dr. Cooper's five patient-specific reports on July 2 and July 3, 2026. The government has now moved for a one-week extension of its *Daubert* response deadline, asserting that a continuance will "promote efficiency, prevent piecemeal litigation, and allow the issues to be addressed in a single comprehensive filing" because "Bynon's expert opinions will directly inform" its response. Government's Motion, at 1. The parties agreed to a defense-disclosure deadline of August 4 and a deadline of August 11 for the government to designate any rebuttal experts. *See* Docket Entry (July 17, 2026).

## III. Argument

### A. The Admissibility of the Government's Own Experts Is Measured by the Government's Own Experts—Not by the Defense's Experts.

Rule 702 places the burden squarely on "the proponent" of expert testimony to demonstrate, by a preponderance of the evidence, that the witness is qualified, that his or her opinion rests on sufficient facts or data, that it is the product of reliable principles and methods, and that he or she reliably applied those principles and methods to the facts. FED. R. EVID. 702. The Court's gatekeeping inquiry is solely concerned with the *challenged* expert witness. It asks whether *that* expert—here, Dr. Lynch and Dr. Cooper—may testify at all. Whatever the opposing party's proposed experts may say is irrelevant.

Measured against that standard, the defense disclosures add nothing to the government's responses to Dr. Bynon's two *Daubert* motions. Whether Dr. Lynch's "risk-adjusted" mortality and transplant ratios are reliable turns on whether *Dr. Lynch*—who holds an M.D. and an M.S. in immunobiology, not a credential in biostatistics or epidemiology—is qualified to offer them, and on the fact that, by his report's own admission, those analyses were designed and run by an unnamed "HRSA's SRTR analytics contractor," not by him. Similarly, whether Dr. Cooper's

reports disclose any methodology for inferring the *absence* of a clinical rationale from the *absence* of a contemporaneous note likewise turns on Dr. Cooper's reports. None of the *Daubert* issues about Dr. Lynch and Dr. Cooper depend on what a defense expert will say. A *Daubert* proponent does not carry its burden to establish the reliability of its own witness by relying on anything said by the opposing party's proposed expert witness.

### B. The Defects that Dr. Bynon's *Daubert* Motions Identify Cannot Be Cured by the Disclosure of a Defense Expert's Opinions.

The heart of both *Daubert* motions is a set of defects that appear on the face of the government's experts' own reports and that no defense disclosure could conceivably cure:

- **Rule 704(b).** Dr. Cooper opines that Dr. Bynon's adjustments of donor age and weight criteria were a "deliberate effort" undertaken "with the intent" to eliminate transplant opportunities, and that no "sincere" effort was made. Those are opinions on the *mens rea*—knowing and willful falsity under 18 U.S.C. § 1035(a)(2)—that Rule 704(b) reserves for the jury alone. Whether Dr. Bynon's experts opine that the five patients at issue were unsuitable for transplantation at the time he placed them on internal hold has no bearing on whether Dr. Cooper may deliver a *mens rea* opinion that Rule 704(b) categorically forbids.
- **Moral epithets under Rules 702 and 403.** Dr. Cooper's characterizations—that Dr. Bynon's conduct was "reprehensible" and that his patients were "deceived," "disrespected," and "betrayed"—are not the product of any legitimate transplant-medicine methodology. Transplant surgery supplies no test for what is "reprehensible" or when a patient has been "betrayed." Those "opinions" smack of argument, and their admissibility is judged by whether

transplant medicine can support them—not by anything a defense expert will disclose.

- **Qualifications, surrogate testimony, and hearsay.** Dr. Lynch's lack of demonstrated expertise in biostatistics and epidemiology, his reliance on analyses he did not perform, and his verbatim recitation of the OPTN peer-review findings as hearsay—implicating the Confrontation Clause—are deficiencies in his report and credentials. They are assessed on his materials, not on the defense expert's. The same can be said of Dr. Cooper's report.

Each of these *Daubert* challenges is properly resolved on the record the government already possesses. Dr. Bynon's forthcoming expert disclosures will neither add to nor subtract from the reliability, qualification, and Rule 704(b) and Confrontation Clause issues the *Daubert* motions present. The government's efficiency rationale fails for the same reason: the issues are already fully joined on the government's own experts' reports, and there is nothing "piecemeal" about requiring the government to defend the admissibility of its own witnesses on the schedule that this Court has set.

### C. The Government Identifies No Good Cause Tied to Its Own Experts.

The government has possessed its own experts' reports since it produced them, and it has had Dr. Bynon's *Daubert* motions since July 17 and July 22. It identifies no diligence-based reason—nothing about its *own* experts or its *own* preparation—that prevents it from responding by July 31. Instead, it points only to the defense's August 4th disclosures, which, for the reasons stated *supra*, are simply irrelevant to the admissibility of the government's experts.

### D. The Government's Request Is Yet Another Attempt to Evade the Court's Limine Order and Shift Its Burden of Proof to the Defense.

After briefing and a motions hearing on June 1, the Court entered a "limine order precluding counsel, the parties, and witnesses from mentioning the patients' subsequent adverse health events, transplants, or deaths, and evidence that Dr. Bynon made certain medical decisions unilaterally, without first … obtaining leave to do so." Memorandum and Opinion, ECF No. 62 at 24-27 (June 3, 2026). Nonetheless, both of the government's experts, whose reports were produced a full four weeks later on July 2 and 3, propose testimony that contravenes that order. *See*, *e.g*., Mot. to Exclude Testimony of Dr. Lynch, ECF No. 99 at 14; Mot. to Exclude Testimony of Dr. Cooper, ECF No. 103 at 17-18. Nothing that a defense expert provides can cure that grave deficiency.

At bottom, the government's request appears to be yet another effort to register its objection to the Court's staggered expert-designation schedule. For reasons previously argued, that approach makes eminent sense in a case such as this. *See* Def.'s Reply to Govt.'s Opp. to Mot. to Continue Trial, ECF No. 69 at 3. Moreover, the current briefing schedule *already* builds in an opportunity for the government to designate any "rebuttal" experts by August 11. The government, after reviewing the defense expert reports, may attempt to "rebut" any points it wishes at that time. In addition, the Court previously indicated that it may allow the defense to present "sur-rebuttal" expert testimony and that it may entertain a defense request to re-urge Dr. Bynon's motion dismiss after expert discovery is complete. *See* Hr'g Tr. at 24-31, 37 (June 8, 2026). Currently, Dr. Bynon may reply to the government's responses by August 7. ECF No. 102. Any further delay in briefing and responding to issues concerning the proposed testimony of any expert – government or defense – will prejudice Dr. Bynon's ability to present sur-rebuttal expert

testimony and re-urge his motion to dismiss before the motions hearing set for August 14. A pretrial conference is set for August 17, and trial is set for August 24.

## IV. Conclusion

For these reasons, Dr. Bynon respectfully requests that the Court deny the government's Motion to Amend Scheduling Order.

Respectfully submitted,

/s/ *Samy Khalil*
Samy Khalil
Texas Bar No. 24038997
John Kinchen
Texas Bar No. 00791027
KHALIL KINCHEN LLP
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477
samy@khalilkinchen.com
john@khalilkinchen.com

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, Maryland 20878
202.975.9105
brentevannewton@gmail.com

*Attorneys for Dr. Steve Bynon*

## CERTIFICATE OF SERVICE

On July 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Samy Khalil*
Samy Khalil