**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM. NO. H-26-023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**UNITED STATES' MOTION FOR CLARIFICATION**

The pretrial conference and a motion hearing are set for April 18, 2026. (Docket No. 115.) Pending motions before the Court include Defendant John Stevenson Bynon, Jr. ("Bynon")'s motions to exclude expert testimony from Dr. Raymond Lynch ("Lynch") and Dr. Matthew Cooper ("Cooper"), respectively. (Docket Nos. 99 and 103.) After the Court set the date for the motion hearing, and after receiving and reviewing Dr. Bynon's disclosed expert reports, the United States stated that it does not intend to elicit expert testimony from Dr. Lynch or Dr. Cooper in its case-in-chief. (Docket Nos. 116 and 118.) Dr. Lynch and Dr. Cooper are rebuttal witnesses that the United States may call should Bynon present a case-in-chief at trial.

The Supreme Court has held that district courts "must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (emphasis in original). Consequently, "a district court is not always required to hold a formal *Daubert* hearing." *Carlson v. Bioremedi Therapeutic Systems, Inc.*, 822 F.3d 194, 201 (5th Cir. 2016).

Dr. Lynch and/or Dr. Cooper are anticipated to solely be called as a rebuttal witness to address anticipated evidence presented by Bynon during his case-in-chief. Accordingly, the United States respectfully requests that the Court defer any *Daubert* hearing as to Dr. Lynch and Dr. Cooper unless and until the need for their rebuttal testimony arises. If either witness is ultimately called to testify, the Court can conduct a limited and expedited *Daubert* hearing at that time, confined solely to the admissibility of the proposed rebuttal opinions. In light of this contingency, the United States respectfully seeks clarification as to whether the motions

concerning Dr. Lynch and Dr. Cooper remain subject to the hearing on August 18, 2026. If the Court determines that a *Daubert* hearing is necessary at a later date, the United States will ensure that Dr. Lynch and Dr. Cooper are available to appear.

Respectfully Submitted,
AARON F. REITZ
United States Attorney
Southern District of Texas

By: *<u>/s/ Amanda Alum</u>*
Amanda Alum
Suzanne Elmilady
Sherin Daniel
Anthony Franklin
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

*/s/ Amanda Alum*
Amanda Alum
Assistant United States Attorney