**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cr-00023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO THE MOTION FOR A BILL OF PARTICULARS (REGARDING "WILLFULNESS")**

The defendant, Dr. Steve Bynon, through undersigned counsel, submits this reply to the government's response (ECF No. 105) to Dr. Bynon's motion for a bill of particulars on the "willfulness" element of the charges set out in the indictment (ECF No. 93).

The government opposes the motion for a bill of particulars on two grounds: (1) that the motion is untimely because it was not filed within 14 days of the arraignment; and (2) the indictment, the government's trial brief, discovery, and information provided during a reverse-proffer session afford Dr. Bynon with sufficient notice of the "willfulness" element and that requiring a bill of particulars would impermissibly require the government to provide discovery in excess of what the law mandates and also would require the government to reveal its "theory of the case." Government's Response, at 2-3. Both grounds lack merit.

***First***, the government's timeliness argument rests on the mistaken premise that a motion for a bill of particulars filed outside the 14-day window following arraignment is presumptively barred. Government's Response, at 2. Federal Rule of Criminal Procedure 7(f) itself provides that a defendant "may move for a bill of particulars before or within 14 days after arraignment *or at a later time if the court permits*." FED. R. CRIM. P. 7(f) (emphasis added). The Advisory Committee Notes to Rule 7(f) confirm that this "later time" language "gives discretion to the court to permit

late filing of motions for bills of particulars in meritorious cases," cautioning only against late motions being used "for the purpose of delaying trial." FED. R. CRIM. P. 7(f), Advisory Committee's Note to 1966 Amendment. This Court thus has discretion to require a bill of particulars because good cause exists.[1]

The issue raised in the motion for a bill of particulars resulted from the government's July 2nd disclosure of its trial exhibits, which referred to 42 C.F.R. § 482.94 and even provided a Texas HHS report finding a violation of that provision. The government also had referred to that regulatory requirement during a reverse-proffer session on July 1, which is the first time that the defense became aware of it. Therefore, the issue obviously could not have been raised within 14 days of the arraignment.

In addition, in this Court's June 3, 2026 order denying Dr. Bynon's motion to dismiss on vagueness grounds expressly rested on the government's burden at trial to prove willfulness, reasoning that Dr. Bynon's ability "to use UNOS guidance and industry practice to argue that he did not knowingly and willfully make a false statement abates his fair-notice concern." *United States v. Bynon*, __ F. Supp.3d __, 2026 WL 1595296, at *11-12 (S.D. Tex. June 3, 2026). That ruling demonstrates the critical importance of the willfulness element at trial and the corresponding need for Dr. Bynon to know – ***in advance of trial*** – the specific theory the government intends to argue that trial. The government identifies no undue prejudice from this Court's reaching the merits, nor could it: answering a single, narrow question imposes no burden on the government's trial preparation.[2]

---

[1] The cases cited by the government do not hold otherwise; they simply illustrate instances in which courts declined, in their discretion, to excuse an untimely and unexplained request. Here, by contrast, good cause supports the timing of Dr. Bynon's motion.

[2] To the extent the Court concludes that a formal extension is required rather than the discretion built into Rule 7(f) itself, Dr. Bynon respectfully requests leave to have the motion considered on the merits.

***Second***, the government's response does not address the open question that prompted the motion for a bill of particulars: is the "willfulness" element of the 18 U.S.C. § 1035(a)(2) charges predicated solely on Dr. Bynon's alleged non-compliance with 42 C.F.R. § 482.94, or does the government intend to rely on some other, unidentified statute or regulation to prove that element? Rather than answer that question, the government mischaracterizes Dr. Bynon's motion for a bill of particulars as an improper discovery device. The government also contends that Dr. Bynon's motion improperly seeks "which exhibits constitute evidence that Bynon possessed the requisite intent," Government's Response at 2-3, and cites the well-settled principle that a bill of particulars may not be used to compel "a detailed exposition of [the government's] evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Dr. Bynon, of course, does not dispute that principle because he does not ask those things. He simply requests fair notice of an essential element by posing one narrow, element-specific question: ***Does the willfulness allegation rest solely on Dr. Bynon's alleged violation of 42 C.F.R. § 482.94 or also on his allegedly knowing violation of some other identified statute and/or regulation that were contravened by his adjustments of patients' donor criteria for the purpose of precluding organ offers?*** That request is qualitatively different from asking the government to identify specific proof that it intends to offer at trial or provide a detailed roadmap of its theory of willfulness.

If, as the government suggests, the discovery, its trial brief, and the reverse-proffer already make the answer obvious, the government could have said so directly – and mooted this dispute — in a single sentence (i.e., stating that, yes, the government's willfulness rests solely on §

482.94). Indeed, in its response to Dr. Bynon's motion in limine (ECF No. 108), filed the same week as the government's response here, the government affirmatively argued that evidence of the alleged § 482.94 violations is central and admissible to prove Dr. Bynon's state of mind. Having already taken that position in this litigation, the government can identify no cost or strategic disadvantage in confirming – or, if it is ***not*** in fact relying ***exclusively*** on § 482.94, correcting – that understanding through a bill of particulars.

The government's argument that its "voluminous discovery," trial brief, and reverse-proffer already supply whatever specificity Dr. Bynon needs, Response at 3, proves too much.[3] The volume of discovery is precisely what makes particulars necessary here: the more extensive the production, the less realistic it is to expect a defendant to divine, from among potentially competing regulatory theories, which single provision the government will ask the jury to treat as proof of "willfulness." A bill of particulars exists for exactly this reason: to convert a huge mass of disorganized discovery and an informal, non-binding presentation of the government's anticipated proof into a sufficiently clear statement of the theory of willfulness that the government intends to prove at trial. *See, e.g.*, *United States v. Diecidue*, 603 F.2d 535, 546-47 (5th Cir. 1979) (stating that the purpose of a bill of particulars is to inform the defendant of the charges, minimize surprise at trial, and enable a subsequent plea of double jeopardy).

A reverse-proffer is not part of the record, is not binding on the government at trial, and is subject to change as trial approaches. It therefore provides none of the protections that Rule 7(f) is designed to offer: it does not protect Dr. Bynon from surprise if the government's theory of

[3] Notably, at the July 1 reverse-proffer, when asked, the government explicitly declined to disclose its theory of willfulness to the defense.

willfulness shifts at trial to something other than § 482.94. A short bill of particulars would protect Dr. Bynon without requiring the government to disclose a detailed theory of its case.

## CONCLUSION

For these reasons and those set forth in the motion for a bill of particulars, Dr. Bynon respectfully requests that the Court consider the motion on the merits and order the government to state whether the "willfulness" allegations in the indictment are based solely on Dr. Bynon's alleged non-compliance with § 482.94 and, if not, to identify the specific statute or regulation that the government contends supports that element.

Respectfully submitted,

/s/ *Samy Khalil*
Samy Khalil
Texas Bar No. 24038997
John Kinchen
Texas Bar No. 00791027
**KHALIL KINCHEN LLP**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477
samy@khalilkinchen.com
john@khalilkinchen.com

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, Maryland 20878
202.975.9105
brentevannewton@gmail.com

*Attorneys for Dr. Steve Bynon*

## CERTIFICATE OF SERVICE

On August 7, 2026, I electronically filed this reply with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Samy Khalil*
Samy Khalil