**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM. NO. H-26-023** |
| | § | |
| **JOHN STEVENSON BYNON, JR.** | § | |

# **UNITED STATES' MOTIONS IN LIMINE**

The United States moves pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 802 for an order in limine to preclude: (1) improper use of interview reports written by investigators, but not adopted by interviewees; (2) improper character evidence; (3) argument that incorrectly defines the beyond-a-reasonable-doubt standard; (4) evidence or argument about the pretrial discovery process in this case; (5) evidence or argument about the government's exercise of its prosecutorial discretion; (6) evidence or argument about the potential consequences that defendant John Stevenson Bynon, Jr. ("Bynon") could face if they are found guilty; and, (7) any reference to civil lawsuits or "medical malpractice" actions.

## **ARGUMENT**

The purpose of a motion *in limine* is to "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Trabucco v. Rivera*, 3:22-CV-00132-MPM, 2023 WL 6786208, at *1 (N.D. Miss. Oct. 13, 2023) (citation omitted). Such pretrial rulings avoid entry in evidence, or even the mention of, "matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *United States v. Ward*, No. 3:21-CR-87-CWR-LGI, 2023 WL 3184012, at *1 (S.D. Miss. May 1, 2023) (quoting

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1997)). Addressing evidentiary issues in limine also aids trial efficiency, reducing the need for sidebar conferences and recesses to resolve disputes. *Alonso v. Westcoast Corporation*, No. 13-CV-563-BAJ-RLB, 2016 WL 3951331, at *2 (M.D. La. July 21, 2016) (citation omitted). However, "[e]vidence should not be excluded in *limine* unless it is clearly inadmissible on all potential grounds." *United States v. Matthew*, No. 6:12-CR-28, 2012 WL 6115676, at *1 (S.D. Tex. Dec. 10, 2012) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

**1. The Court should preclude improper use of investigators' interview reports.**

The United States moves to preclude Bynon from (1) introducing the contents of law enforcement agents' interview reports to cross-examine or impeach the interviewees; (2) reading or publishing all or part of the interview reports to the jury; or (3) otherwise suggesting to the jury that interview reports are statements of the interviewee, who did not write or adopt them. Bynon may use an interview report for limited permissible purposes, such as to refresh a witness' recollection. *See* Fed. R. Evid. 612. But the reports themselves are hearsay prohibited under Rule 802, and do not qualify as a prior inconsistent statement where the reports have not been reviewed and adopted by the witness. *Cf.* Fed. R. Evid. 613(b).

The Jencks Act permits a defendant to use at trial prior statements of a witness called by the United States, as long as the statement relates to the witness' testimony. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2. For a statement to qualify as a prior statement of the witness, it must have been recorded, transcribed, or "made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1). The Fifth Circuit has held that agent interview reports are not the witness's statements, *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993), and the Supreme Court has explained that it would "be grossly unfair to allow the defense to use statements to

impeach a witness which could not fairly be said to be the witness' own," *Palermo v. United States*, 360 U.S. 343, 350 (1959). Agent interview reports are "the product of the investigator's selections, interpretations, and interpolations." *Id.* at 350. Indeed, in preparing interview summaries, the investigating agent necessarily exercises discretion, so the report naturally emphasizes the segments of a witness's interview that the investigating agent finds important and relevant.

Although the Fifth Circuit has not squarely addressed the question of use of unadopted reports for impeachment, it logically flows from the holding in the conclusion in *Williams* that it would be improper to directly impeach a witness with such reports. 998 F.2d at 269. Courts across the country have held the same. *See, e.g.*, *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (recognizing that agent interview reports "have been deemed inadmissable [sic] for impeaching witnesses on cross-examination"); *United States v. Harp*, 2:22-CR-100, 2024 WL 2830344, at *3 (W.D. La. June 4, 2024) (concluding that interview reports "are not verbatim recordings or transcripts and have not been signed or adopted by the witnesses" and thus defendants may not "introduc[e] interview reports as impeachment material."); *United States v. Kot*, No. 2:10-CR-280, 2012 WL 1657118, at *2 (D. Nev. May 10, 2012) ("[T]he contents of 302s may not be used to impeach witnesses on the basis of inconsistent statements, because the statements are not the statements of the witnesses themselves."). If a witness denies a statement described in an interview report, Bynon's proper recourse is to call the agent to testify for impeachment purposes under Rule 613(b).

**2. The Court should preclude evidence of Bynon's claimed "good" character.**

Bynon should be prohibited from introducing evidence or arguments about their general "good" character and evidence of specific instances of "good" conduct. Rule 404 provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of

proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a)(1). This rule encompasses both general and specific character evidence. *See United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008) (concluding that specific acts of good character are inadmissible under Rule 404 and 405); *United States v. Hewitt*, 634 F.2d 277, 278 (5th Cir. 1981) (noting the prevailing view that Rule 404(a) precludes a defendant from offering reputation or opinion testimony regarding his "general good character"). Rule 404 provides an exception to that general prohibition for criminal defendants, who may offer evidence of a "pertinent trait." Fed. R. Evid. 404(a)(2)(A). "[A] pertinent character trait is one that is relevant to the offense charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (citation omitted). Where a defendant seeks to prove a pertinent character trait, they may do so only through reputation or opinion testimony. Fed. R. Evid. 405(a); *see United States v. McGee*, 29 F.3d 625, 1994 WL 395111, at *6 n.9 (5th Cir. 1994) ("proof of [the victim's] character was permissible only through reputation or opinion evidence[.]").

Here, Bynon should be prohibited from introducing evidence that they possessed generally "good" character, such as that they are philanthropic, patriotic, religious, involved with their communities, or are family-oriented. Moreover, evidence that Bynon was a "good doctor" constitutes impermissible character evidence. Character traits like these are not pertinent to the charges before the court and should be excluded. *See United States v. Langford*, 647 F.3d 1309, 1329 (11th Cir. 2011) (affirming exclusion of evidence of defendant's generous and philanthropic character); *United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002) (approving court's sentencing instruction that jurors should not "consider the religious views of the defendants"); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (excluding proffered testimony "to portray [defendant as having] a good character"); *United States v. Santana-Camacho*, 931 F.2d

966, 967 (1st Cir. 1991) (excluding evidence that defendant was a good family man and a kind man). This exclusion would not apply to Bynon's purported characters as law-abiding persons, because evidence of such is always relevant and admissible. *See Hewitt*, 634 F.2d at 279.

A defendant may also introduce specific instances of conduct to demonstrate their character or a character trait, but only when their "character or character trait is an essential element of a charge, claim, or defense[.]" Fed. R. Evid. 405(b). A defendant's character is essential when standing alone it satisfies an element of the charge, claim, or defense. *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995); *see e.g.*, *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (concluding that character is "simply not an essential element" of charges of criminal insurance fraud). Here, Bynon's character is not an essential element of, or defense to, the charges before the Court. Those charges include making false statements in relation to a health care program in violation of 18 U.S.C. § 1035. (Docket No. 128.) Character is not essential to these charges, or the defenses to the same. *See, e.g.*, *United States Kahn*, 768 F. App'x 266, 270 (5th Cir. 2019) (holding that the defendant's character "was not an essential element of the [healthcare fraud] charges against him."). Thus, Bynon should not be permitted to introduce specific instances of good conduct to demonstrate their characters or specific character traits.

**3. The Court should preclude improper definitions of the beyond a reasonable doubt standard.**

Bynon should be precluded from presenting arguments or illustrations attempting to define "reasonable doubt" beyond the Court's instructions because such arguments or illustrations are likely to mislead the jury. *See* Fed. Rs. Evid. 107(a) (allowing illustrative aids only when "the aid's utility in assisting comprehension is not substantially outweigh by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time."); 403. Any instruction on "reasonable doubt" must be explained correctly and should not mislead the jury. *United States v.*

*Williams*, 20 F.3d 125, 128 (5th Cir. 1994) (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)). While district courts are not required to follow them, the Fifth Circuit's Pattern Jury Instructions[1] "provide a useful guide" to define the "reasonable doubt" standard. *Id.* at 132. Courts have repeatedly discouraged providing additional definitions of "reasonable doubt" for the jury beyond those contained in the Court's instructions. *See, e.g.*, *United States v. Walton*, 207 F.3d 694, 698-99 (4th Cir. 2000) (stating "efforts to define reasonable doubt are likely to confuse rather than clarify the concept[.]") (citation omitted); *United States v. Desimone*, 119 F.3d 217, 226 (2d Cir. 1997) (same). To prevent any confusion regarding the meaning of reasonable doubt, the Court should bar Bynon from defining or providing graphical illustrations of "reasonable doubt" other than in the manner described by the Jury Instructions.

**4. The Court should preclude Bynon from raising discovery issues at trial.**

The United States moves to preclude Bynon from in any way discussing discovery in this case in front of the jury, including asking witnesses questions about discovery, requesting discovery from witnesses or opposing counsel, moving for such discovery, or discussing discovery in opening statements or closing arguments. Such arguments are meritless and irrelevant, and should be precluded. Indeed, district courts regularly preclude requests or commentary on discovery matters in front of the jury because such requests or commentary waste trial time, risk jury confusion, and may unfairly create the impression that one side has suppressed information

---

[1] The Pattern Jury Instructions define reasonable doubt as:

> A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Fifth Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 1.05 (2024)

to seek an unfair advantage. *See United States v. Dochee*, No. 08 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting motion in limine to exclude comments on discovery because "commentary on discovery matters by either party in the presence of the jury could create the impression that the opposing party is withholding information"); *see also Escobar v. Airbus Helicopters SAS*, No. 13-00598 HG-RLP, 2016 WL 5897554, at *4 (D. Haw. Oct. 7, 2016) (barring commentary on discovery matters before the jury); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *4 (E.D. Tex. Sept. 30, 2015) (same); *United States v. Cochran*, No. 4:14-CR-22-01-HLM, 2014 WL 12695800, at *4 (N.D. Ga. Nov. 17, 2014) (same); *United States v. Brown*, No. 08-CR-1009, 2011 WL 43038, at *15 (N.D. Ill. Jan. 6, 2011) (same); *Jacoby v. Wal-Mart Stores, Inc.*, No. 3:09-CV-903, 2010 WL 11677669, at *3-4 (M.D. Pa. June 10, 2010) (same); *Sarmiento v. Armour*, No. C.A. C-05-008, 2006 WL 2266252, at *3 (S.D. Tex. Aug. 8, 2006) (same).

**5. The Court should preclude arguments about unfairness in the exercise of prosecutorial discretion.**

Arguments or evidence that others engaged in the same or similar conduct but are not facing prosecution, thereby suggesting that the United States is unfairly targeting Bynon for prosecution, should also be precluded. "The Fifth Circuit has held that a trial court has discretion to prohibit a defendant's attorney from comparing his client's conduct 'with that of uncharged or immunized witnesses,' because the purpose of such arguments is to encourage nullification and 'tempt jurors to violate their oaths.'" *United States v. Auzenne*, No. 2:19-CR-53-KS-MTP, 2020 WL 6438665, at *2 (S.D. Miss. Nov. 2, 2020) (quoting *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001)). Thus, matters of prosecutorial discretion—including whom to prosecute and to whom to extend certain protections—are not relevant to the jury's task

of determining guilt or innocence. *See USA v. Smith*, No. 06-CR-682, 2008 WL 11438034, at *3 (N.D. Ill. Jan. 23, 2008), *aff'd sub nom. United States v. Ajijola*, 584 F.3d 763 (7th Cir. 2009).

**6. The Court should preclude evidence and arguments describing the consequences of conviction.**

This Court should prohibit Bynon from invoking before the jury any consequences of conviction that they may face, because matters related to sentencing are "not within their province, distract[] them from their factfinding responsibilities, and create[] a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Indeed, the Fifth Circuit recently reiterated that "the jury is not allowed to consider a defendant's potential sentence as part of its deliberations." *United States v. Crittenden*, 46 F.4th 292, 298 n.8 (5th Cir. 2022); *accord* Fifth Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 1.22 (2024) ("If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion."). Any evidence or argument related to sentencing or collateral consequences would serve only to elicit juror sympathy and encourage jury nullification. *See Shannon*, 512 U.S. at 579.

To be sure, Bynon may cross-examine the government's witnesses about any benefits they may have received for their testimony, including immunization or promised leniency, for the purposes of impeachment. *See United States v. Mandell*, No. 12-CR-842, 2014 WL 287520, at *2 (N.D. Ill. Jan. 27, 2014). Bynon, however, may not use the testimonial evidence derived from that questioning to argue about their own exposure for the same or similar offenses. Accordingly, Bynon should be precluded from arguing or introducing evidence regarding the potential penalties and consequences they face upon conviction.

**7. The Court Should Preclude Bynon from Referring to Civil Matters**

Civil lawsuits involving Bynon, witnesses, and the patients named in the superseding indictment, or related parties are irrelevant and immaterial to this litigation. Federal Rule of Evidence 401 provides that evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The United States requests that the Court also preclude Bynon from referring this case as a "medical malpractice" action. The burdens of proof in civil and criminal matters are vastly different. Evidence regarding civil lawsuits will confuse the jury. Accordingly, the Court should preclude Bynon from referring to civil lawsuits.

**CONCLUSION**

For the reasons stated, this Court should grant the government's *Motions in Limine*. A proposed Order is attached.

Respectfully Submitted,

AARON F. REITZ

United States Attorney

Southern District of Texas

By: <u>*/s/ Amanda Alum*</u>
Amanda Alum
Suzanne Elmilady
Sherin Daniel
Anthony Franklin
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

*/s/ Amanda Alum*
Amanda Alum
Assistant United States Attorney