**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:26-cr-00023 |
| | § | |
| JOHN STEVENSON BYNON, JR., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE GOVERNMENT'S MOTION FOR LEAVE TO DESIGNATE TREATING PHYSICIANS AS NON-RETAINED EXPERTS (ECF No. 163) AND FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS MOTION IN LIMINE (ECF No. 137)**

Dr. Steve Bynon respectfully requests a brief extension of time to respond to the government's Motion for Leave to Designate Treating Physicians as Non-Retained Experts Out of Time, ECF No. 163, and leave to file supplemental briefing in support of his pending motion in limine, ECF No. 137. He asks that both filings be due on September 23, 2026. The requested schedule does not disturb the October 28, 2026 trial setting.

## I.
## Background

At the pretrial conference on August 18, 2026, the Court took up what the government may elicit from the Memorial Hermann and UT Health physicians on its case-in-chief witness list, none of whom had been designated as an expert and for whom no disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G) had been made. Tr. 206:1-9; 212:1-10. The Court invited supplemental briefing from both sides and set September 16, 2026 for that briefing. Dr. Bynon filed his supplemental brief on that date.

The government did not file supplemental briefing on the question the Court posed. It instead filed, on September 16, 2026, a Motion for Leave to Designate Treating Physicians as Non-Retained Experts Out of Time. ECF No. 163. The motion seeks leave to designate ***five*** physicians — Dr. Kulkarni, Dr. Fair, Dr. Villani, Dr. Merwat, and Dr. Zaibaq-Krill — as expert witnesses six weeks before trial. One of them, Dr. Zaibaq-Krill, has not previously appeared on the government's witness list. *See* ECF No. 125. The government did not confer with defense counsel before filing.

Attached to the government's motion is a document captioned "United States' Notice of Designation of Treating Physicians as Expert Witnesses." ECF No. 163 at 8-11 (Exhibit 1). Those disclosures describe subject matter substantially broader than the category the Court took up in August. As to each of the five witnesses, the disclosure states that the witness "will testify to his own witness account of Dr. Bynon, including but not limited to discussions regarding patient care, the investigation of the transplant program, retaliation of whistleblowers, and any other firsthand account." ECF No. 163 at 9-11. Each also states that the witness will testify to "Multi-Disciplinary Review Board meetings, discussions, and decisions, including but not limited to patient liver transplant listing outcomes, meeting cadence, and particular patient discussions," and to the regulatory framework governing transplantation, including UNOS, OPTN, the Membership and Professional Standards Committee, organ procurement organizations, HRSA, HHS, and CMS standards. *Id.*

## II.
## Relief Requested

Dr. Bynon requests that the Court set September 23, 2026 as the date for (1) his response in opposition to ECF No. 163, and (2) supplemental briefing in support of his motion in limine, ECF No. 137, addressed to evidence of a regulatory or internal investigation of the Memorial Hermann liver transplant program.

## III.
## Grounds

### A. Good cause supports a short extension to respond to ECF No. 163.

The motion arrived without warning, without a conference, on the day supplemental briefing was due, and on a subject different from the one the Court asked the parties to address. It seeks relief as to five witnesses, and it attaches four pages of disclosures that Dr. Bynon has not previously seen.

A responsible response requires more than argument about timing. Counsel must compare each proposed opinion against the government's earlier expert designations and against the two experts it designated and has now withdrawn from its case-in-chief; against the FBI-302 reports of interview on which the motion relies as a substitute for disclosure; and against the rulings the Court made on August 18. Counsel must also determine, as to each witness, whether responsive expert disclosures and *Daubert* motions would be necessary if leave were granted, because the prejudice the motion creates cannot be described in the abstract. Counsel are simultaneously preparing this case for trial on October 28, 2026.

### B. The new disclosures raise a Confrontation Clause question that did not exist when ECF No. 137 was filed.

Dr. Bynon's motion in limine was filed before these disclosures existed. The disclosures now announce that each of five witnesses will describe "the investigation of the transplant

program" and "retaliation of whistleblowers." ECF No. 163 at 9-11. Dr. Bynon intends to ask the Court to exclude not merely the findings of any regulatory or internal investigation, but evidence that such an investigation occurred at all.

That request rests in part on the Confrontation Clause. Testimony that a regulatory body or a hospital investigated the transplant program, and that the investigation followed complaints by persons described as whistleblowers, would place before the jury the substance of accusations made by declarants the government does not propose to call: the OPTN peer-review volunteers who conducted the May 2024 site visit, the Membership and Professional Standards Committee members who reviewed the program, the hospital personnel who conducted any internal review, and the unidentified complainants themselves. Whether statements generated in the course of an investigation directed at determining whether a physician engaged in misconduct are testimonial under *Crawford v. Washington*, 541 U.S. 36 (2004), and its progeny, and whether the fact of such an investigation can be separated from the accusations that produced it, are questions that deserve briefing rather than a bench ruling in the middle of trial.

The question also bears on a third pending motion. The government's expert notice for Dr. Raymond Lynch identified the Membership and Professional Standards Committee's review of the Memorial Hermann program, the May 2024 site visit, and the program's April 2024 inactivation as subjects of his testimony. ECF No. 89 at 5-7. Dr. Bynon moved to exclude that testimony, in part as hearsay and a Confrontation Clause violation. ECF No. 99 at 10. The government has since advised that it does not intend to call Dr. Lynch in its case-in-chief, while reserving the right to call him in rebuttal. ECF No. 116 at 5. The disclosures attached to ECF No. 163 would permit the same investigative material to reach the jury through five other witnesses.

Dr. Bynon should be able to address ECF No. 99, ECF No. 137, and ECF No. 163 as the single problem they have become, rather than piecemeal.

**C. The requested schedule will not delay the trial.**

September 23 is five weeks before trial. He reserves all rights, including the right to seek other relief, should the Court grant the government's motion for leave.

## IV.
## Conclusion

Dr. Bynon respectfully requests that the Court extend to September 23, 2026 the date for his response to ECF No. 163, and grant him leave to file supplemental briefing in support of ECF No. 137 on the same date.

Respectfully submitted,

*/s/ Samy Khalil*

Samy Khalil
Texas Bar No. 24038997
John Kinchen
Texas Bar No. 00791027
**KHALIL KINCHEN LLP**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477
samy@khalilkinchen.com
john@khalilkinchen.com

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, Maryland 20878
202.975.9105
brentevannewton@gmail.com

*Attorneys for Dr. Steve Bynon*

**CERTIFICATE OF SERVICE**

On September 16, 2026, I served a copy of this pleading via ECF to counsel for the government.

*/s/ Samy Khalil*
Samy Khalil