**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Criminal No.: Crim. No. H-26-023 |
| | § | |
| JOHN STEVENSON BYNON, JR., | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING EXPERT TESTIMONY OF DR. SOPHOCLIS P. ALEXOPOULOS**

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas, and files this Motion in Limine Regarding the Expert Testimony of Dr. Sophoclis P. Alexopoulos. The government seeks to exclude certain improper argument, questioning, and evidence related to Defendant John Bynon's proffered expert Dr. Alexopoulos.

**Factual and Procedural Background**

Early this year, Defendant Bynon was indicted on five counts of making false statements in connection with a health-care benefit program, in violation of 18 U.S.C. § 1035. Dkt. No. 128. The indictment alleges that Bynon—the former Director of Abdominal Organ Transplantation and the former Surgical Director for Liver Transplantation at Memorial Hermann Health System's Texas Medical Center—stated on the United Network of Organ Sharing's donor acceptance criteria that certain patients could accept organs only from donors of unrealistic age and

weight criteria. *See id.*; *see also* Dkt. No. 162 at 1. These statements were false, and Dr. Bynon knew that they were false at the time they were made. And, by entering false donor acceptance criteria, Dr. Bynon severely restricted or rendered functionally ineligible patients to receive a donor organ offer.

Bynon has argued throughout this case that "his adjustment of donor acceptance criteria to preclude organ offers – are not false assertions of fact." *E.g.*, Dkt. No. 135 at 13. He claims that his statements that certain patients could only accept organs from donors of unrealistic age and weight criteria do not mean what they plainly say; rather, they represent his medical judgment that these patients should not receive donor organ offers at all. Dkt. No. 29 at 12, 16-19.

In advance of trial, Bynon submitted an expert report from Dr. Alexopoulos, who states that he reviewed the medical records for each of the five patients referenced in the superseding indictment and provides his "professional opinion regarding [each patient's] liver transplant candidacy at Memorial Hermann Health System" on the date that Bynon altered that patient's donor acceptance criteria. Ex. 1 at 1-7. For each patient, Dr. Alexopoulos opines either that the patient "was not a suitable candidate to proceed with liver transplantation" on the date Bynon altered donor-criteria or that "it would have been reasonable, clinically justified and within the standard of care to preclude [donor] offers on that date." *Id.* at 1, 3.

**Analysis and Argument**

It is well-established that an expert witness may not offer legal conclusions or comment on a defendant's state of mind. *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); Fed. R. Evid. 704(b). Consistent with this precedent, this Court has repeatedly excluded expert testimony regarding legal conclusions or state-of-mind opinions. *See Fischer v. Halliburton*, 2009 WL 5216949 at *2 (S.D. Tex. Dec. 21, 2009); *see also Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007) (an expert's evaluation of a defendants' mental state is not helpful to the finder of fact).

In addition, expert testimony is improper if it amounts to an attempt by a defendant to "testify by proxy, that is, to elicit the aid of a so-called expert to expound on [the defendant]'s mental state and thereby avoid taking the witness stand and undergoing rigorous cross-examination." *United States v. Tucker*, 345 F.3d 320, 330 (5th Cir. 2003). The district court in *Tucker* barred the proposed testimony of the defendant's expert because much of it "centered on his 'understanding from the facts that Mr. Tucker believed, and relied upon, advice from counsel and others that the trust certificates involved were not securities, and therefore not regulated by the federal securities laws.'" *Id.* (quoting the expert's written proffer).

Similarly, in *United States v. Bilotto*, 2005 WL 5978665 at *2 (W.D. Tex. Sept. 27, 2005), the court excluded proposed expert testimony in part, explaining:

> [T]he expert should not be able to testify 'by proxy' that Defendant did, in fact, rely upon the advice of others and did not intend to commit fraud…. [A]ny expert testimony as to what Defendant intended or relied upon would violate rule 704(b). Such testimony would also be pure speculation, because the expert has no personal knowledge as to whether Defendant relied upon the agent, nor does the expert have personal knowledge as to Defendant's intent at the time of the insurance transactions.

And in *United States v. Hebert*, the court allowed the defendant's expert to "testify regarding how pharmacy is practiced, how compounding works, and what compounding pharmacists do on a daily basis" but excluded "any opinions as to the personal knowledge, state of mind or intent of Kohll's or any of its employees[.]" 2017 WL 4891348, *2 (W.D. La. Oct. 30, 2017).

Under these established standards, Dr. Alexopoulos may testify about his own review and analysis of the medical records, but he may not testify (1) that Bynon had access to or had reviewed the medical records at the time he manipulated a patient's donor acceptance criteria; (2) whether Bynon made a medical judgment call at the time he manipulated a patient's donor acceptance criteria; (3) that Bynon's manipulation of donor acceptance criteria was a proper exercise of his clinical judgment; or (4) what Bynon's state of mind was when he manipulated donor acceptance criteria. Such statements would be no more than speculation and would violate Rule 704(b)'s prohibition against state-of-mind expert testimony.

Nor should the defense be permitted to ask Dr. Alexopoulos whether Bynon complied with relevant law or standards, either directly or in the form of hypothetical

questions. In *Estate of Sowell v. United States*, the Fifth Circuit affirmed the exclusion of expert testimony regarding what a reasonable estate executor would do in hypothetical situations identical to the facts underlying the case, holding that, in responding to the hypotheticals, the expert would have simply "espouse[d] his opinion on the facts of the case." 198 F.3d 169, 171-72 (5th Cir. 1999); *see also Floyd v. Hefner*, 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008) (holding that a corporate governance expert "can testify as to the standards of conduct applicable to directors in general, but he cannot testify as to whether the Defendants' conduct comported with the actions of reasonably prudent individuals in the same or similar circumstances. The latter is a conclusion that must be determined by the trier of fact."). Dr. Alexopoulos should not be permitted to testify about what Bynon or a "reasonable physician" should have done after reviewing each patient's medical records on the date Bynon manipulated the patient's donor acceptance criteria.

The United States respectfully requests that the Court limit Dr. Alexopoulos's testimony to *his* review and analysis of the patients' medical records. The United States further requests that the Court prohibit any testimony by or questioning of Dr. Alexopoulos regarding Bynon's knowledge, state of mind, or actions Bynon took (or that a reasonable physician would have taken) on the dates that Bynon changed each patient's donor acceptance criteria.

Respectfully Submitted,

AARON F. REITZ
United States Attorney
Southern District of Texas

By: *[/s/ Suzanne Elmilady]*
Amanda Alum
Suzanne Elmilady
Sherin Daniel
Anthony Franklin
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## CERTIFICATE OF CONFERENCE

On October 6, 2026, the government conferred with defense counsel, and they are opposed to this motion.

*/s/ Suzanne Elmilady*
Suzanne Elmilady
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

*/s/ Suzanne Elmilady*
Suzanne Elmilady
Assistant United States Attorney